UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK GLENN COLE, § | | |
| ID # 23028-077, § | | |
| Movant, § | No. 3:16-CV-1847-K | |
| vs. § | No. 3:92-CR-0226-K (2) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Patrick Glenn Cole (Movant), a *pro se* federal prisoner, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence (doc. 2) and a motion to stay (doc. 4). For the reasons that follow, the § 2255 motion to vacate and the motion to stay are dismissed for lack of jurisdiction.

Movant pleaded guilty to two counts of robbery affecting commerce in violation of 18 U.S.C. § 1951(a), one count of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). By judgment dated July 31, 1992, he was sentenced to 180 months' imprisonment for counts one and two to run concurrently, 60 months' imprisonment for count three to run consecutively to the sentences for counts one and two, and 120 months' imprisonment for count four to run concurrently with the sentences for counts one and two, to be followed by a three-year term of supervised release. (No. 92-CR-0226 doc. 1).

On April 21, 2014, Movant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which was dismissed on June 19, 2014, as barred by the statute of limitations. (No. 3:14-CV-1439-K docs. 1, 14, 15).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* movant was required to present all available claims related to her conviction or sentence in her first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate

them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his prior motions. Because he now raises claims that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See In re Williams*, 806 F.3d 322 (5th Cir. 2015) (Fifth Circuit analyzed under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2) a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Movant filed a motion in the Fifth Circuit for authorization to file a successive § 2255 motion, and the motion for authorization was denied. *In re Cole*¸ No. 16-10624 (5th Cir. Sept. 29, 2016). Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider his new § 2255 motion. Accordingly, the successive § 2255 motion and the motion to stay are **DISMISSED** for lack of jurisdiction.

SO ORDERED.

Signed February 22nd, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE